IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:14-cv-576-FDW
(3:11-cr-398-FDW-1)

| | | |
|---|---|---|
| JARVIS DEMOND HEMPHILL, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

**THIS MATTER** is before the Court on consideration of the Government's response to Petitioner's amended pro se motion to vacate, set aside or correct sentence, which he filed pursuant to 28 U.S.C. § 2255.[1] For the reasons that follow, Petitioner's amended motion to vacate will be granted in part, and dismissed in part.

I.     BACKGROUND

On or about November 13, 2012, Petitioner pleaded guilty pursuant to a written plea agreement to one count of Hobbs Act Robbery (Count One), one count possession of a firearm during and in relation to the Hobbs Act Robbery (Count Two), and one count of possession of a firearm by a convicted felon (Count Five). In exchange for Petitioner's guilty plea, the Government agreed to dismiss the remaining two counts in his bill of indictment. (3:11-cr-398, Doc. No. 23: Plea Agreement). On January 14, 2014, Petitioner was sentenced to a concurrent terms of 57 months' imprisonment on Counts One and Five, and a consecutive term of 87-months on Count Two for a total term of 144-months in federal prison. (Id., Doc. No. 41:

---

[1] Petitioner filed an amended motion to vacate which included his signature under penalty of perjury. (3:14-cv-576, Doc. No. 4).

1

Judgment in a Criminal Case). Petitioner did not appeal.

On or about October 15, 2014, Petitioner filed the present § 2255 motion and raised three claims of relief. First, Petitioner argued that his lawyer provided ineffective assistance of counsel in allowing him to enter his guilty plea before a magistrate judge rather than a district judge (Ground One). Second, Petitioner argued a claim of prosecutorial misconduct because prior discussions with the Government provided that he would receive a lesser sentence because of his history of mental health disorders (Ground Two). In his final claim for relief, Petitioner contends that his counsel was ineffective in failing to file a direct appeal from his sentence even though he specifically requested that he do so (Ground Three). (3:14-cv-576, Doc. No. 4).[2]

## II.   STANDARD OF REVIEW

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether a petitioner is entitled to any relief. The Court has considered the record in this matter and applicable authority and concludes that this matter can be resolved without an evidentiary hearing. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III.   DISCUSSION

It is well-settled that when a defendant expressly directs his attorney to file a notice of appeal from a criminal judgment, the failure to file the notice of appeal constitutes per se ineffective assistance of counsel. That is, the defendant is presumed to have suffered prejudice no what the matter the potential merits of his claims for relief might be or even if he has waived his appellate rights, as Petitioner has done through his written plea agreement in this case. See

---
[2] Petitioner contends that he also wished to raise the issues presented in grounds one and two one on direct appeal, but his lawyer failed to file the appeal despite Petitioner's express instructions that he do so.

Evitts v. Lucey, 469 U.S. 387, 391-405 (1985); United States v. Poindexter, 492 F.3d 263, 269 (4th Cir. 2007). See also Rodriguez v. United States, 395 U.S. 327, 329-330 (1969) (defendant has absolute statutory right to direct appeal).

In the instant case, Petitioner maintains in his sworn petition that he instructed his attorney to file a direct appeal so that he could raise grounds one and two before the Fourth Circuit. Specifically, Petitioner argues that his "lawyer never followed my direct order about filing my direct appeal . . . I specifically told him to place my appeal." (3:14-cv-576, Doc. No. 4 at 5). In the response to the amended § 2255 motion, the Government contends that the appropriate remedy in this case is to vacate Petitioner's judgment and enter a new judgment for the limited purpose of allowing Petitioner to file a direct appeal. (3:14-cv-576, Doc. No. 6: Response at 6).

Upon review of Petitioner's verified motion, the Government's response, and the applicable authority, the Court finds that Petitioner's criminal judgment should be vacated and a new judgment entered for the limited purpose of allowing Petitioner to file a direct appeal in his criminal case. Petitioner's remaining claims for relief will be dismissed without prejudice to his ability to file another § 2255 motion, if necessary, after conclusion of the direct appeal.

IV. CONCLUSION

**IT IS, THEREFORE, ORDERED** that Petitioner's Amended Motion to Vacate [Doc. 4] is **GRANTED IN PART** for the reasons stated herein. The Clerk is directed to prepare an Amended Judgment with the same terms and conditions as Petitioner's Judgment filed on February 6, 2014, (3:11-cr-398-FDW-1, Doc. No. 41: Judgment), and submit it to the Court for consideration. Petitioner shall have fourteen (14) days from the entry of the Amended Judgment to file a Notice of Appeal in order to appeal to the Fourth Circuit Court of Appeals.

**IT IS FURTHER ORDERED** that Petitioner's remaining grounds for relief are **DISMISSED WITHOUT PREJUDICE**. (Grounds One and Two),

The Clerk is directed to close this civil case.

**IT IS SO ORDERED.**

Signed: February 13, 2015

Frank D. Whitney
Chief United States District Judge