UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:11-cr-00398-FDW

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| vs. | ) | |
| | ) | ORDER |
| JARVIS DEMOND HEMPHILL, | ) | |
| | ) | |
| Defendant. | ) | |

THIS MATTER is before the Court on Defendant's *pro se* Motion for Compassionate Release (Doc. No. 70). For the reasons which follow, the Court **DENIES** Defendant's Motion for Compassionate Release.

## I. BACKGROUND

In November of 2012, Defendant, Jarvis Demon Hemphill, plead guilty to Possession of a Firearm by a Felon, Possession of a Firearm During and in Relation to a Crime of Violence, and Hobbs Act Robbery, all in violation of 18 U.S.C. §§ 922(g), 924(c), and 1951. (Doc. No. 38, p. 1). On March 24, 2014, this Court sentenced Defendant to a collective 141 months in prison. (Doc. No. 43, p. 2).

On May 27, 2020, Defendant filed a motion seeking compassionate release. (Doc. No. 70). Defendant does not state the statutory basis for his request; presumably, he is requesting compassionate release under the First Step Act, which is codified in 18 U.S.C. § 3582(c)(1)(A).

## II. DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE

In his Motion, Defendant states that he faces a high risk of contracting COVID-19 due to

1

presence of 10 COVID-19 cases at the FMC-Devens facility. (Doc. No. 70). Defendant has failed to exhaust his administrative remedies with the BOP pursuant to § 3582(c)(1)(A), nor has he demonstrated the existence of "extraordinary and compelling reasons" for supporting his Motion pursuant to § 3582(c)(1)(A)(i). Thus, Defendant has failed to show he is eligible for a sentence reduction under § 3582(c)(1)(A). Further, the factors listed in 18 U.S.C. § 3553(a) do not weigh in favor of his release.

United States Code Title 18, Section 3582(c)(1)(A), as amended by the First Step Act, provides that the court may not modify a term of imprisonment once it has been imposed except that:

> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent they are applicable, if it finds that –
>
>> (i) extraordinary and compelling reasons warrant such a reduction; or
>>
>> (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g)…[1]

In addition to satisfying subsections (i) or (ii), the reduction must also be "consistent with applicable policy statements issued by the Sentencing Commission…." 18 U.S.C. § 3582(c)(1).

---

[1] Addressing factors to reasonably assure the appearance of the person as required and the safety of any other person and the community.

The Sentencing Commission's policy statement with regard to compassionate release is set forth in U.S. Sentencing Guidelines § 1B1.13. The Policy recognizes the following extraordinary and compelling reasons:

> (A) Medical Condition of the Defendant –
>
>> (i) The defendant is suffering from a terminal illness (i.e., a serious physical and advanced illness with an end of life trajectory)….
>>
>> (ii) The defendant is –
>>
>>> (I) suffering from a serious physical or medical condition,
>>>
>>> (II) suffering from a serious functional or cognitive impairment, or
>>>
>>> (III) experiencing deteriorating physical or mental health because of the aging process,
>>
>> that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.
>
> (B) Age of the Defendant – The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.
>
> (C) Family Circumstances.
>
>> (i) The death or incapacitation of the caregiver of the defendant's minor child or minor children.
>>
>> (ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.
>
> (D) Other Reasons – As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in a combination with, the reasons described in subdivisions (A) through (C).

U.S.S.G. § 1B1.13, application note 1; see also 28 U.S.C. § 994(t) (authorizing the Commission to describe what should be considered extraordinary and compelling reasons for sentence reduction). Rehabilitation, by itself, is not an extraordinary and compelling reason for sentence

3

reduction. 28 U.S.C. § 994(t); U.S.S.G. § 1B1.13, application note 3.

The government first contends that Defendant has not exhausted his administrative remedies with the BOP. (Doc. No. 74, ¶¶ 3-4). The government provides an email from the Executive Assistant at FMC-Devens indicating there have been no requests from Defendant for compassionate release. Id. at ¶ 3. Thus, this Court has no authority to entertain Defendant's motion. Id. at ¶ 4. However, if the Court were to entertain his motion, Defendant has not stated any medical conditions that would place him at high risk for contracting COVID-19; he only states the presence of positive COVID-19 cases within the facility as a concern warranting release. Id. at ¶ 7. Therefore, the government contends that the mere presence of COVID-19 cases is not an extraordinary and compelling reason to justify Defendant's release from prison, nor has Defendant provided any medical condition that qualifies as an extraordinary and compelling reason to justify release. Id. at ¶ 8.

Presently, the data and reporting from the BOP regarding the pandemic suggests that FMC-Devens has 2 positive COVID-19 cases within the inmate population.[2] This data suggests that the facility's protections against the COVID-19 pandemic are working, and Defendant is not in imminent danger.

*Assuming, without deciding,* Defendant has exhausted his administrative remedies *and* he is qualified for release due to extraordinary and compelling reasons for his health and facility concerns, § 3582(c)(1)(A) requires that this Court consider the factors listed in 18 U.S.C. § 3553(a) before granting Defendant's motion. These factors, which include "the nature and circumstances of [his] offense," his "history and characteristics," and "the need for the sentence imposed to reflect

---

[2] As of the date of this Order, FMC-Devens currently has 2 active COVID-19 inmate cases out of 721 total inmates in the facility. https://www.bop.gov/coronavirus/

4

Case 3:11-cr-00398-FDW   Document 76   Filed 02/26/21   Page 4 of 5

the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense, to afford adequate deterrence to criminal conduct and to protect the public from further crimes of the defendant," weigh in favor of Defendant's continued imprisonment. 18 U.S.C. § 3553(a).

Defendant's offense was violent—he pointed a shotgun at a store cashier and made threats to shoot him during a robbery. (Doc. No. 38, ¶ 4). He also made two employees enter the bathroom and remain there until he exited the store. Id. Defendant has previous felony convictions for common law robbery (three counts) and has a pending charge for malicious conduct by a prisoner. Id. at ¶¶ 8, 44. Considering Defendant's violent conduct, his extensive criminal history, his disrespect for the law, and the need to protect the public from him as well as the other 3553(a) factors, the Defendant's Motion for Compassionate Release (Doc. No. 70) is **DENIED**.

### III. CONCLUSION

For the foregoing reasons, Defendant's Motion for Compassionate Release (Doc. No. 70) is **DENIED**.

**IT IS SO ORDERED.**

Signed: February 25, 2021

_____
Frank D. Whitney
United States District Judge